UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Huff and Senior Judge Haley

ANDY EMAMI

                                                    MEMORANDUM OPINION*
v.        Record No. 0852-14-4                          PER CURIAM
                                                    NOVEMBER 25, 2014
ROBERTA HARLOWE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

(Sonja N. Aoun; Dycio & Biggs, on briefs), for appellant.

(Melanie Hubbard; Hottell Malinowski Group, P.C., on brief), for
appellee.


Andy Emami (husband) appeals a final order of divorce. He argues that the trial court erred

by (1) misapplying the equitable distribution statute when it (a) held that the marital residence was

Roberta Harlowe's (wife's) separate property, instead of classifying it as hybrid property, (b) did not

classify husband's $10,000 contribution toward the purchase of the house as his separate property,

and (c) did not consider whether husband traced the marital funds contributed to the marital

residence and determine the extent that those marital contributions increased the value of the home;

(2) holding that wife's retirement accounts were her separate property and that husband failed to

produce any evidence that any portion of the accounts was marital despite (a) the presumption that a

portion of the accounts was marital because it accrued between the date of marriage and the date of

separation and (b) husband's evidence of the value of the accounts within three months of the

hearing; and (3) classifying as marital the debts associated with the Citicard and American Express

accounts. Upon reviewing the record and briefs of the parties, we conclude that this appeal is

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on August 11, 2007 and separated in October 2012.  Wife filed a complaint for divorce in February 2013.  Husband filed an answer and cross-complaint, to which wife responded.

The parties appeared before the trial court on December 11, 2013 for a hearing on equitable distribution and spousal support.  The parties introduced evidence regarding the former marital residence, which was acquired before their marriage.  Both parties signed the purchase contract for the home on February 15, 2002.  Wife introduced into evidence two checks, dated February 15, 2002, from her individual checking account.  One check was for the earnest money deposit in the amount of $10,000, and the other check was for the options deposit in the amount of $38,050.  Wife is the sole owner of the home according to the deed dated March 31, 2003.

From 2001 until September 2011, wife worked at Virginia Hospital Center and participated in the Virginia Hospital Center 401(K) Salary Reduction Plan and Core Pension Plan.

During the marriage, the parties acquired significant marital debt.  After the parties' separation, wife paid $21,205.63 on her Citicard account and $2,298.23 on her American Express account.

At the conclusion of all of the evidence, the trial court instructed both parties to submit written closing arguments and their proposed distributions, which they did.  On March 6, 2014,

the trial court issued its ruling from the bench. The trial court held that the former marital residence was wife's separate property and that husband failed to prove that any portion of the equity was marital property. It also found that wife's retirement accounts were her separate property and that husband failed to prove that any portion of the retirement funds was marital property. The trial court held that the debt on the Citicard and American Express cards was marital debt and should be divided equally between the parties.

On April 4, 2014, husband filed a motion to reconsider. On April 10, 2014, the trial court entered the final order of divorce, which memorialized its rulings. On April 22, 2014, the trial court entered an order denying husband's motion to reconsider. This appeal followed.

ANALYSIS

Husband questions the trial court's classification of the former marital residence, wife's retirement accounts, and wife's credit card debts. "Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005) (citations omitted).

*Former marital residence*

Husband argues that the trial court erred by classifying the former marital residence as wife's separate property instead of hybrid property.

The trial court found that the house was wife's separate property. It was purchased before the marriage and was titled in wife's name. The trial court held, "The husband failed to prove by any competent, credible evidence that the home or any part of it is marital property."

Husband testified that in 2002 he contributed $10,000 from his separate funds toward the purchase of the home. He acknowledges that wife presented evidence of the two checks written on her account for the deposits, but notes that "she did not testify that the money used was solely

- 3 -

hers." Husband asserts that there was no evidence to rebut his testimony that he contributed $10,000 and argues that he should be "reimbursed the value of his $10,000 contribution." However, husband did not make this argument to the trial court; therefore, this Court will not consider it.[1] See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (We "will not consider an argument on appeal which was not presented to the trial court."); Rule 5A:18.

Husband also contends the former marital residence is hybrid property because the parties contributed marital funds to it. Husband introduced evidence to prove that from 2010 until October 2012, he deposited his income from one of his jobs into wife's Bank of America account, which was used to pay the mortgage, home equity line, utilities, and other expenses.[2] He also produced copies of checks he wrote to wife, and she deposited them into her Bank of America account. Husband argues that these contributions are marital property, so the trial court should have classified the house as hybrid property.

Throughout his closing argument and his motion to reconsider, husband relied on Code § 20-107.3(A)(1) and (A)(3)(a) to support his argument that the marital residence was hybrid

---

[1] Husband states in his reply brief that Rule 5A:18 should not apply to this argument or the Court should apply the good cause exception because "the law has changed between trial and appeal." He relies on this Court's ruling in Anthony v. Skolnick-Lozano, 63 Va. App. 76, 754 S.E.2d 549 (2014), to support his arguments that he should be reimbursed his pre-marriage contribution. Husband notes that the parties submitted their closing arguments prior to this Court's ruling in Anthony, so he could not have presented these arguments to the trial court. While we do not accept husband's premise that "the new law has changed," we note this Court issued its ruling in Anthony on March 4, 2014. The trial court issued its ruling on March 6, 2014. Husband did not argue Anthony to the trial court at the March 6, 2014 hearing or in his motion to reconsider, which was filed on April 4, 2014. Accordingly, husband did have opportunities to argue the application of Anthony to the trial court, but did not do so. The good cause exception to Rule 5A:18 does not apply.

[2] Husband worked two jobs, and his income from his other job was deposited into his bank account.

property. Code § 20-107.3(A)(1) explains that "all property, real and personal, acquired by either party before the marriage" is separate property. Therefore, the former marital residence is presumed to be wife's separate property since she acquired it before the marriage.

Code § 20-107.3(A)(3)(a) discusses hybrid property and valuing the marital interest. First, the non-owning spouse has to prove that "(i) contributions of marital property or personal effort were made and (ii) the separate property increased in value." Id. In this case, both parties acknowledge that the former marital residence decreased in value from the date of marriage until the date of separation. However, husband submits that the principal balances on the mortgage and home equity line of credit decreased during the marriage. Despite the lower principal balances, the equity in the home decreased during the marriage as a result of the lower values for the home.

In this case, husband failed to trace the marital contributions for those reductions in principal of the mortgage and home equity line. See Moran v. Moran, 29 Va. App. 408, 512 S.E.2d 834 (1999) (the parties used marital funds to reduce the mortgage principal and traced the marital funds from the equity in the house that the wife owned before the marriage). Husband introduced amortization schedules for the mortgage and home equity line as of the date of marriage and as of the date of separation to show the changes in the principal balances. Bank statements from December 2010 until September 2013 for wife's Bank of America account also were introduced.[3] There was no evidence as to when wife opened this bank account and what the balance was in the account at the time of the marriage. However, wife testified that sometimes there were insufficient funds in the Bank of America account to pay the mortgage and she would transfer funds from her BB&T account. The bank statements showed the deposits from one of husband's jobs, but they also reflected additional deposits from other sources and

_____

[3] Neither party introduced bank statements from the time of the marriage.

- 5 -

numerous withdrawals and checks.  Husband provided copies of checks that he wrote to wife since their marriage and were deposited into the Bank of America account.  Despite this evidence of husband's deposits into the Bank of America account, the bank statements proved that numerous expenses were paid out of this account, and husband could not trace that marital funds went directly toward the mortgage and no other expenses.  Accordingly, the trial court did not err in holding that husband did not offer "competent, credible evidence" that any portion of the house was marital property, and thereby, classifying the house as wife's separate property.

*Retirement accounts*

Husband argues that the trial court erred in classifying wife's retirement accounts as her separate property instead of hybrid property.

Wife had an interest in two retirement accounts at her place of employment, namely the Virginia Hospital Center 401(K) Salary Reduction Plan and Core Pension Plan.

In issuing its ruling, the trial court found that wife acquired her retirement accounts prior to the date of marriage.  It also stated, "The husband failed to establish by competent, credible evidence that any portion of the accounts is marital."

Pursuant to Code § 20-107.3(G)(1),

> The court may direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits, whether vested or nonvested, which constitutes marital property and whether payable in a lump sum or over a period of time. . . . "Marital share" means that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties, if at such time or thereafter at least one of the parties intended that the separation be permanent.

Husband admits that neither party presented evidence regarding the value of the retirement accounts at the time of the marriage.  Instead, a statement dated December 2005 was admitted into evidence, and wife testified that she did not know what the value of the account

- 6 -

was when they got married. Without evidence regarding the value of the account at the time of the marriage, the trial court was unable to determine the marital share. "The burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989) (citing Taylor v. Taylor, 5 Va. App. 436, 443, 364 S.E.2d 244, 248 (1988)).

Since husband failed to provide the trial court with sufficient evidence for it to value a marital share, if any, in wife's retirement accounts, the trial court did not err in holding that the retirement accounts were wife's separate property.[4]

*Credit card debt*

Husband argues that the trial court erred in classifying the balances on the Citicard account and the American Express account as marital debt.

Code § 20-107.3(A)(5) defines marital debt as:

> Marital debt is (i) all debt incurred in the joint names of the parties before the date of the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent, whether incurred before or after the date of the marriage, and (ii) all debt incurred in either party's name after the date of the marriage and before the date of the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent. However, to the extent that a party can show by a preponderance of the evidence that the debt, or a portion thereof, was incurred, or the proceeds secured by incurring the debt were used, in whole or in part, for a nonmarital purpose, the court may designate the entire debt as separate or a portion of the debt as marital and a portion of the debt as separate.

Husband argues that there was insufficient evidence to prove that the credit card debt for the American Express and Citicard accounts was marital. However, wife testified about the

---

[4] For the first time on appeal, husband argues that the "trial court also erred in finding that the evidence does not establish the value of the accounts as of the date of the hearing because statements dated within three months of the hearing were admitted into evidence." Since this argument was not raised below, this Court will not consider it. See Rule 5A:18; Ohree, 26 Va. App. at 308, 494 S.E.2d at 488.

credit card balances as of October 2012, when the parties separated. The American Express account had a balance of $2,289.23 as of October 11, 2012. Wife testified that both parties used the American Express credit card. Wife's counsel asked her whether the charges were incurred before or after the separation, and her response was, "Before I believe." Wife also testified that the Citicard account's balance was $21,205.63 as of October 19, 2012. She testified that both parties used the Citicard credit card. When wife's counsel asked her whether she could provide a "ballpark percentage" for the amount incurred before the date of separation, wife responded, "I don't know because I wasn't following him [husband] when he was taking the card and using it." Wife paid off both credit cards after the date of separation.

After reviewing the factors in Code § 20-107.3(E), the trial court found that the credit card debt was marital and should be divided equally. The trial court held that "husband spent a great deal of money during the marriage, a great deal of wife's money, and in fact I think it would be safe to say he squandered a great deal of that money." Wife testified about the credit card balances as of October 2012, when the parties separated. The trial court found wife's testimony to be more credible than husband's testimony. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted).

Contrary to husband's arguments, the evidence was sufficient to prove that the balances on the American Express card and Citicard card were marital debts. The trial court did not err in ordering that the debts be divided equally.

*Attorney's fees and costs*

Husband requests an award of attorney's fees incurred on appeal, and wife requests an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23

Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  On consideration of the record before us, we

deny both parties' requests.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.